THE STATE v. JOHN B. PADGETT, Appellant.

Division Two, December 20, 1926.

**1. INTOXICATING LIQUOR: Transportation: Information.** The illegal
transportation of intoxicating liquor is sufficiently charged if the charge
is made in the language of the statute creating and defining the offense.
It is not necessary that the information state from or to what place the
liquor was being transported.

**2. ARREST: Without Warrant: Power of City Marshal.** The marshal
of a city of the fourth class is a police officer and as such is empowered,
without a warrant, to arrest any person violating in his presence any law
of the State or city. And the courts will take judicial notice that a city,
having the requisite population as shown by the census of the United
States, is a city of the fourth class.

**3. ———: For Misdemeanor: Discovery of Felony: No Warrant: Trans-
porting Liquor.** If the officer, empowered to make arrests, in arresting a

person for a misdemeanor being committed in his presence, discovers the presence of other things which show that such person is also in the act of committing a felony, he is authorized, without a warrant for his arrest, to hold such other person for the felony. The marshal of a city of the fourth class, without an arrest warrant, stopped on the street an automobile in which defendant and another were riding, on account of the reckless manner in which they were driving. He jumped on the running board of the car, turned off the switch and stopped the car, and while thus engaged he discovered that defendant and his companion were drunk, and he took them into custody. As he pulled defendant out of the car a bottle of whiskey fell out of his pocket, and upon an examination of the car two bottles of whiskey were found beneath the seat where defendant had been sitting, one of which contained hootch or moonshine, and defendant was charged with and convicted of the felony of transporting hootch or moonshine. **Held,** that defendant was not deprived of his liberty without due process of law in that he was arrested without a warrant and his automobile was searched without a search warrant. His arrest, without a warrant, for the misdemeanor of reckless driving or driving while intoxicated was authorized, because the unlawful act was being committed in the marshal's presence, and the presence of the liquor and its transportation having been discovered after and in connection with his arrest, his detention for the felony of transportation was authorized without any warrant, and evidence to establish the unlawful transportation was admissible.

**4. SEARCH AND SEIZURE: Transportation in Automobile.** Search and seizure, upon probable course, of an automobile engaged in the illicit transportation of intoxicating liquor, is authorized without a prior search warrant; and where an officer, empowered to make arrests, has a well grounded belief, arising out of circumstances known to him, that an automobile is transporting contraband goods which by law are subject to seizure, he is not required to procure a search warrant, authorizing him to search and seize the automobile and the contraband contained in it, before searching it or seizing the contraband.

**5. INTOXICATING LIQUOR: Transportation: Definition.** The word "transportation" is a familiar word, has no technical meaning, and a failure to define it in the trial of a defendant charged with the unlawful transportation of intoxicating liquor is not error.

**6. ALLOCUTION: Sentence before Motion: Date: Misprision.** The insertion in the transcript of a date on which sentence was pronounced will not be taken as a final showing that the judgment was rendered before the motion for a new trial was filed, where it is apparent from the record as a whole that the motion was filed before sentence, but the date will be held to be a misprision of the clerk.

**7. ——: Hearing on Motion.** Where defendant was heard on his motions for a new trial and in arrest of judgment, he will not be heard to complain that he was not accorded allocution.

Corpus Juris-Cyc. References: Arrest, 5 C. J., Section 23, p. 395, n. 28; Section 28, p. 398, n. 68; Section 31, p. 402, n. 93; p. 403, n. 97; Section 74, p. 434, n. 84. Criminal Law, 16 C. J., Section 955, p. 515, n. 13; Section 968, p. 520, n. 3; Section 2360, p. 966, n. 28; Section 2498, p. 1056, n. 20; p. 1057, n. 24; Section 3017, p. 1274, n. 27; Section 3062, p. 1296, n. 53; Section 3113, p. 1322, n. 38; 17 C. J., Section 3758, p. 370, n. 48. Indictments and Informations, 31 C. J., Section 268, p. 717, n. 30. Intoxicating Liquors, 33 C. J., Section 376, p. 679, n. 51; Section 428, p. 715, n. 80; Section 452, p. 730, n. 59, 67, 68; p. 731, n. 72.

Appeal from Morgan Circuit Court.—*Hon. Henry J. Westhues,* Judge.

AFFIRMED.

*S. C. Gill* for appellant.

(1) The record as originally written clearly shows that immediately upon the return of the verdict of the jury, May 12, 1925, and before allocution was granted appellant, the court pronounced judgment against him, sentencing him to two years in the penitentiary. This was error and the cause should for this reason be reversed and remanded. Sec. 4057, R. S. 1919; State v. Taylor, 301. Mo. 432; State v. West, 270 S. W. 282; State v. Hoffman, 267 S. W. 838; State v. McSame, 267 S. W. 888; State v. Potter, 278 S. W. 711. The clerk cannot correct the record, if erroneous, by noting such correction on the margin, nor by making an additional record. The court may correct its own record during the term, and perhaps by *nunc pro tunc* entry, at a subsequent term, if there are any notes or minutes to show same is erroneous. Modern Woodmen v. Angle, 127 Mo. App. 106; In re Fulsome Estate, 193 S. W. 618. (2) The evidence shows that the city marshal had not sufficient reason to stop the car in which appellant was riding and making the arrest, and it was error to overrule appellant's motion to suppress the evidence therein named, and likewise error to admit such evidence at the trial of the cause. Secs. 11 and 23, Art. 2, Constitution of Missouri; State v. Hall, 279 S. W. 102; State v. Pigg, 278 S. W. 1030; Carroll v. United States, 45 U. S. 280. (3) It was error for the court not to define the term, transportation, under the facts in this case, as the evidence does not show which bottle contained whiskey. Sec. 19, Laws 1923, p. 242; Sec. 4025, R. S. 1919; State v. Conway, 241 Mo. 292. (4) The information is defective in that it fails to allege from or to what place the intoxicating liquor was transported. The statute defines transportation, as carrying and conveying, "from place to place," by any means except carrying same on person. The information should allege from what point the liquor was carried and to what point. Sec. 19, Laws 1923, p. 242.

*North. T. Gentry,* Attorney-General, and *A. M. Meyer,* Special Assistant Attorney-General, for respondent.

(1) The information charges the crime of transportation of "hootch" "moonshine" and "corn whiskey" in the language of the statute and is sufficient in form and substance. State v. Brown, 304 Mo. 81; State v. Cardwell, 279 S. W. 100. (2) Defendant's arrest was lawful. State v. Hall, 279 S. W. 104. Under the circumstances shown in evidence the search was not unreasonable. State v. Owens, 302 Mo. 365, 32 L. R. A. (N. S.) 383; Carroll v. United States, 267 U. S. 132. (3) The court was not required to define terms used in the instructions unless such definitions were requested.

Definitions are collateral matters and not within Sec. 4025, R. S. 1919. State v. Griffith, 279 S. W. 140.

WALKER, P. J.—The defendant was charged by information in the Circuit Court of Morgan County with feloniously having transported intoxicating liquor, commonly called hootch, moonshine or corn whiskey. Upon a trial to a jury he was convicted and sentenced to two years' imprisonment in the penitentiary. From this judgment he appeals.

The city marshal of Versailles stopped a car on the streets of that town, in which the defendant and another were riding, on account of the reckless manner in which they were driving; in so doing the marshal jumped upon the running board and turning off the switch stopped the car. While thus engaged he discovered that the defendant and his companion were drunk and he took them into custody. As he pulled the defendant out of the car a bottle of whiskey fell out of his pocket, and upon an examination of the car two other bottles were found beneath the seat where the defendant had been sitting. One of these contained intoxicating liquor, commonly called "hootch" or "moonshine." At the close of the plaintiff's testimony defendant filed a motion to suppress the evidence, which was overruled.

Defendant's testimony consisted of a statement of facts concerning his apprehension by the marshal. This did not differ materially from the testimony of the latter. Defendant did not deny that one of the bottles found under the seat of the car contained whiskey, nor that he was transporting the same. At the close of all of the testimony defendant filed a motion to quash the information on the ground that it did not allege from and to what place the liquor was being transported, which motion was overruled.

I. It is sufficient to charge the crime of illegally transporting intoxicating liquors in the language of the statute creating and defining the offense. If in so doing all the essential ingredients of the crime are stated, neither the purpose of the act, the **Information.** intent with which it was done or the initial or terminal points of the transportation need be stated. [State v. Cardwell, 279 S. W. 99, and cases, p. 100; Hall v. State, 12 Ala. App. 210; Commonwealth v. Waters, 11 Gray (Mass.), 81; Smith v. McNulty, 186 N. W. (Nebr.) 543; State v. Arnold, 80 S. C. 383; Ramsey v. State, 250 S. W. (Tex.) 674.]

II. Defendant contends that he was deprived of his liberty without due process of law in that he was arrested without process and that his automobile was examined without a search warrant. The

legality of his arrest is to be determined by the facts and circumstances attending the same and the law applicable thereto. The place of his arrest was in the city of Versailles and the moving cause for same was his driving an automobile while in an intoxicated condition. We will take judicial notice, not only of the corporate character of municipalities within the State (State v. White,. 263 S. W. 192), but also that the population of Versailles, as shown by the last Federal census, authorizes its designation as a city of the fourth class (State v. McBrien, 265 Mo. 594, 178 S. W. 489), and that it is within the purview of the statutes defining the powers of officers of this class of cities (Sec. 7613 and Art. VI, Chap. 72, R. S. 1919). A marshal in a city of the fourth class is a police officer and as such is empowered to arrest any person without a warrant violating any law of the State or city when committed in his presence. [Sec. 8426, R. S. 1919; State v. Underwood, 75 Mo. 230.]

*Arrest: Search Without Warrant.*

Irrespective of the place where committed it is declared to be a misdemeanor for any one to operate a motor vehicle while in an intoxicated condition. [Sec. 7595, R. S. 1919.] Of this offense the defendant was guilty when arrested by the marshal. His apprehension under this state of facts was authorized and he has no valid cause of complaint on this account. In making this arrest it was disclosed that the defendant was in the act of transporting whiskey and the evidence of his guilt being, as the marshal determined, present and apparent from the bottles of liquor found beneath the seat of the defendant's car and the offense being a felony, his detention to answer the charge of the latter after his arrest for the misdemeanor was authorized. The felony, no less than the misdemeanor, was being committed in the presence of the marshal and hence within the terms of the statute, the potential effect of which is to include within the marshal's power arrests without process of parties guilty of any offense against the State or city. The well recognized rule that an officer may arrest without warrant for a felony if he has a well grounded and reasonable belief based upon existing facts and circumstances we discussed at some length in State v. Hall, 279 S. W. l. c. .104, and it need not be invoked here, as the evidence of the defendant's guilt was apparent to the officer, which not only clothed him with the power he exercised, but rendered his duty imperative. Section 25 of the Laws of Missouri of 1923, page 244, it may be admitted, is ample in its terms to confer the power of arrest upon the marshal under the facts at bar, but the naked statutory power there conferred must find the reasons for its support in the general statutes we have cited and discussed.

III. The marshal was not required to procure a search warrant to authorize him to search the defendant's car. The Supreme Court

of the United States, in an exhaustive opinion on Searches and Seizures as applied to automobiles (Carroll v. United States, 267 U. S. 132, 69 Law Ed. 543, 39 A. L. R. 790) holds that search **Search of Automobile.** and seizure without a warrant, of an automobile engaged in the illegal transportation of intoxicating liquors, is not a violation of the Fourth Amendment to the Federal Constitution, provided such search and seizure is made upon probable cause; that is upon a belief well founded arising out of the circumstances known to the officer that the automobile contains contraband goods which by law are subject to search and seizure. Of like tenor are the rulings of several United States District Courts and Courts of Appeals, United States v. Fenton, 268 Fed. 221; O'Connor v. United States, 281 Fed. 396; Elrod v. Moss, 278 Fed. 123; Lambert v. United States, 282 Fed. 413.

The facts in the instant case are of like effect to those set forth in the Carroll case and the rule there invoked is deemed appropriate here. The reason for the rule, as announced by Chief Justice TAFT, in that opinion, is that such delay would be occasioned in obtaining a warrant as to afford a vehicle of the character of an automobile time to be beyond the reach of officers or to have disposed of its cargo before the writ could be procured. This reasoning is in harmony with a purpose to effectively administer the law and punish offenders and should meet with our approval. We therefore overrule defendant's contention in this behalf.

IV. We have carefully examined this transcript. While incongruously assembled, so far as the proper insertion of record entries and matters of exception are concerned, it is apparent **Misprision.** that the judgment was not rendered until after the motion for a new trial had been filed, considered by the court and overruled. We hold therefore that the insertion of a date showing to the contrary was simply a misprision of the clerk and the defendant having been deprived of no right to which he was entitled should not be heard to complain.

V. The claim that the defendant was not accorded an allocution, will, under the plain provision of our remedial statute, Section 4058, Revised Statutes 1919, avail the defendant nothing, as he was heard on his motion for a new trial and in arrest of judgment and the requirement as to an allocution, under this state of the record, is **Allocution.** to be deemed directory and insufficient to invalidate the judgment. No other conclusion can be reached, except by ignoring the plain provisions of the statute referred to. The purpose of its enactment was, as we have frequently said, to obviate, where the record authorized, as it does at bar, the remanding of a

case, simply to inquire of the defendant if he had a reason why judgment should not be pronounced against him and to render a new judgment.

VI. While the word transportation has frequently been defined in cases of the character under review the failure of the court to define it in this case is not deemed to be error. It is a familiar word **Transportation.** in our vernacular, has no technical signification, its use is general and the jury could not have failed to understand its meaning. As we, in effect, said in State v. Griffith, 279 S. W. 1. c. 140, it is only where terms employed may not be readily comprehended by the jury that their definition is required. Furthermore, if the defendant had desired its definition he should have asked an instruction defining it.

In the absence of error this judgment is affirmed. All concur.