The State v. Arthur Loftis, Appellant.—292 S. W. 29.

Division Two, March 14, 1927.

**1. SEARCH AND SEIZURE: Without a Warrant: Probable Cause.** A search without a warrant must be based upon probable cause, and probable cause consists in a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man to believe that the accused is guilty of a felony.

**2. ———: ———: Transportation of Moonshine.** Where a peace officer has reason to believe from the use of his senses that an automobile is being used to transport intoxicating liquors, his search of the automobile and seizure of the liquors, without a search or other warrant, is not a violation of those provisions of the Constitution declaring that the people shall be secure in their persons, papers, homes and effects from unreasonable searches and seizures; and the smell of liquor permeating the nostrils of the officer as he approaches the automobile, and the accused's act in transporting the liquor in the automobile on the public highway at the time, are sufficient to warrant a belief in the mind of the officer that a felony is being committed in his presence, and to arrest the persons transporting the liquor, and after their arrest, to search the automobile, and evidence that the search revealed moonshine whiskey being transported in the automobile is admissible.

**3. ASSIGNMENT: General.** A motion for a new trial which is couched in general terms and does not set out the errors committed with particularity and in detail raises nothing for review upon appeal except the record proper.

Corpus Juris-Cyc. References: **Criminal Law,** 17 C. J., Section 3349, p. 87, n. 43. **Intoxicating Liquors,** 33 C. J., Section 376, p. 679, n. 55. **Searches and Seizures,** 35 Cyc., p. 1269, n. 40.

Appeal from Douglas Circuit Court.—*Hon. Fred Stewart,* Judge.

AFFIRMED.

*J. S. Clarke* for appellant.

(1) There is no direct evidence of the criminal agency of defendant with the crime charged, transporting intoxicating liquor. The only evidence shown by the State is that defendant was riding in the front seat of the automobile, the liquor being in a box with cover, and in the back seat of the touring automobile. (2) The court should have sustained defendant's motion to suppress the evidence secured by the officers without any warrant for their arrest, or any search warrant to search this automobile. State v. De Clue, 267 S. W. 45; State v. Hyde, 297 Mo. 213; State v. Tunnell, 259 S. W. 128; State v. Owens, 259 S. W. 100; State v. Lock, 259 S. W. 116; State v. Finley, 259 Mo. 414; Chicco v. United States, 284 Fed. 434; Lusco v. United States, 287 Fed. 69; State v. Fenley, 275 S. W. 41. (3) There is no direct evidence tending to prove the defendant owned the liquor found, or that he had any interest in it, or the car they were riding in, except the mere circumstance of his being in the car when arrested. The court should have given an instruction upon the weight to be given to circumstantial evidence, and its failure so to do, constitutes reversible error. State v. Bobbitt, 215 Mo. 10; State v. Wooley, 215 Mo. 620; State v. Nasinger, 220 Mo. 36; State v. Hubbard, 233 Mo. 80; State v. Steinkraus, 244 Mo. 152; State v. David, 131 Mo. 380.

*North T. Gentry,* Attorney-General, and *H. O. Harrawood,* Special Assistant Attorney-General, for respondent.

(1) The evidence was sufficient to go to the jury. It is only when there is no substantial evidence to support the verdict that the appellate court will interfere on the grounds of insufficiency. State v. Rowland, 174 Mo. 373; State v. Bennett, 270 S. W. 295; State v. Thogmartin, 270 S. W. 313; State v. Lipps, 267 S. W. 942; State v. Huckabe, 269 S. W. 691; State v. Ware, 274 S. W. 853. (2) At the close of plaintiff's testimony defendant filed a demurrer to the evidence. No demurrer was filed at the close of all the testimony. If defendant intended to rely upon the infirmities of plaintiff's case, it was his duty to stand upon his demurrer to plaintiff's evidence interposed at the close of plaintiff's testimony. Riley v. O'Kelly, 250 Mo. 660; State v. Jackson, 283 Mo. 24; State v. Starling, 207 S. W. 767; State v. Meagher, 49 Mo. App. 571; State v. Cummings, 248 Mo. 518; State v. Martin, 230 Mo. 700; State v. Lackey, 230 Mo. 713.

(3)   No search warrant or other warrant was necessary.   Elrod v. Moss, 278 Fed. 123; State v. Spaugh, 200 Mo. 571; State v. Underwood, 75 Mo. 230; State v. Evans, 161 Mo. 95; State v. McNally, 87 Mo. 644; State v. Grant, 79 Mo. 113.

WALKER, J.—The appellant was charged by information in the Circuit Court of Douglas County with the transportation of intoxicating liquor, to-wit, moonshine. Upon a trial to a jury he was convicted and sentenced to five years' imprisonment in the penitentiary. From this judgment he appeals to this court.

The Sheriff of Douglas County, accompanied by a deputy, on the night of November 30, 1925, arrested four men in an automobile on a highway two or three miles north of Ava, and found in the car a carton containing a dozen half-gallon fruit jars containing moonshine liquor. The appellant testified that he was simply a passenger in the car *en route* to Mansfield, and that he did not know that the car contained the carton of liquor. It was in evidence that an hour or more before the arrest of the occupants of the car, two men drove up to a store in Brixey in a car similar to the one subsequently captured, and delivered a package which the witness thought was five gallons of whiskey. The general description of one of these men was the same as that of the appellant.

Before the trial began appellant's counsel filed a motion to suppress the testimony on the ground that the car was examined and the whiskey found by the sheriff without a search warrant. This motion was overruled. At the close of all of the testimony a peremptory instruction was asked in the nature of a demurrer to the evidence which was overruled.

The only question preserved in the motion for a new trial, under Section 4079, as amended, Laws 1925, p. 198, is as to the authority of the sheriff to search the automobile. To this we will give attention.

I.   The offense with which the appellant is charged may be said to have been committed in the presence of the officer in that when apprehended the appellant was in the act of transporting the liquor. This being true, and the smell of liquor permeating the nostrils of the officer when he approached the car, he was not precluded from searching the same without a warrant. Where an officer has reason to believe from the use of his senses that an automobile is being used to transport intoxicating liquors, his seizure and search of same will not be in violation of either the Federal or State Constitution. [State v. Hall, 278 S. W. 1028; State v. Pigg, 278 S. W. 1030; In re Mobile, 278 Fed. 949; Elrod v. Moss, 278 Fed. 123; Lambert v. United States, 282 Fed. 413.]

In United States v. Snyder, 278 Fed. 650, in discussing the Fourth Amendment to the Federal Constitution, identical in subject-matter

with Section 11, Article 2, of the Constitution of Missouri, relative to the right of an officer to make an arrest and search without a warrant, it is said (p. 652) that "the provision of the Constitution should be construed in the light of and in conformity with the common law, with which the framers of the Constitution were familiar;" and in this opinion (p. 653) it was further said that "it was the rule of the common law at the time of the adoption of the Constitution, . . . that a peace officer—an officer charged with the enforcement of the law— may arrest a criminal when caught in the act of committing a crime and when thus arrested he may search him for evidence pertaining to the crime." The essence of this doctrine is that a search without a warrant must be based upon probable cause as well as one made with a warrant and that probable cause consists in a reasonable ground of suspicion, supported by circumstances sufficiently-strong in themselves to warrant a cautious man in the belief that the accused is guilty. [Boeger v. Langenberg, 97 Mo. 396; Ex parte Morrill, 35 Fed. 261.] Viewing the question, therefore, from any vantage authorized by the facts, we hold that the action of the sheriff in searching the automobile was not violative of any constitutional provision and the appellant's contention is overruled.

We have adverted to the fact that the motion for a new trial is couched in the most general terms. Thus phrased, with the exception we have noted, there is nothing, under the unmistakable provisions of the Act of 1925, Laws 1925, page 198, for us to review except the record proper. This discloses no error prejudicial to the substantial rights of the appellant and the judgment of the trial court is affirmed. All concur.