STATE of Missouri, Respondent,

v.

Joe Lee FOSTER, Appellant.

No. 48678.

Supreme Court of Missouri,

Division No. 2.

Oct. 9, 1961.

Horace T. Robinson, Waynesville, for appellant.

Thomas F. Eagleton, Atty. Gen., William L. Hungate, Sp. Asst. Atty. Gen., for respondent.

BOHLING, Commissioner.

Joe Lee Foster appeals from a judgment imposing five years' imprisonment for

robbery in the first degree by means of a dangerous and deadly weapon. §§ 560.120 and 560.135 RSMo 1959, V.A.M.S. The case was tried in Phelps County following a change of venue from Pulaski County by agreement of the parties. No brief was filed on behalf of appellant. The assignments of error in defendant's motion for new trial are for discussion.

■ The court overruled defendant's request for the rule excluding witnesses from the courtroom, stating there was no place for the witnesses except in the hall where it was cold and disagreeable, and it would be inhuman to ask them to stay there. The trial was held December 20, 1960. The enforcement of the rule is a matter within the sound discretion of the trial court and not a matter of right on the part of a defendant. No abuse of discretion is indicated in this record and defendant's assignment of error based on the court's ruling is overruled. State v. Daegele, Mo., 302 S.W.2d 20 [8]; State v. Lord, Mo., 286 S.W.2d 737 [13]; 23 C.J.S. Criminal Law § 1010.

■ The State made a case for the jury. Henry Cohn operated a jewelry, pawn brokerage and loan business just outside the main gate at Fort Leonard Wood in Pulaski County, Missouri. Mrs. Eileen Phillips was in charge of the business in Mr. Cohn's absence. Mr. Cohn, as was his custom, made a check-up sheet of the cash at the close of business April 8, 1960, clipped the $1 bills in $25 bundles, the $5, $10 and $20 bills, separately, in $100 bundles, and placed them, with the coins, in the safe for the night. He had $1,004.44 on hand that evening. Mrs. Phillips, on the morning of the 9th, opened the store and moved to the money drawer of the desk. She waited on three customers. Then, about 10:00 a. m. a colored man entered, stepped around the counter and, pointing a pistol at Mrs. Phillips, said: "This is a stickup." When Mrs. Phillips took a step to get the money, the man told her to stop or he would shoot and kill her. He then came up to Mrs.

Phillips back of the counter, pointed the pistol at her ribs, and said he wanted the money. She turned to the desk and opened the money drawer. He told her to take the money out, the bills. She placed the bills on the counter. He then told her to sit down, face the wall and not turn around for twenty minutes or he would shoot. She followed his orders. He took the money and departed. Mrs. Phillips telephoned the city police and the prosecuting attorney. Mrs. Phillips testified positively, stating she was not mistaken, that defendant was the man who robbed her on April 9, 1960. Mr. Cohn testified that $941.38 was missing when he arrived and checked the money.

Chief of Police George W. Pruett, of Rolla, was told on April 9, 1960, to be on the lookout for some colored boys in an old model automobile, who had committed an armed robbery near Fort Wood. About 2:00 p. m. he noticed an old model Buick automobile with two colored boys in it being parked on a downtown street. They were defendant and George Hill. Defendant got out and walked to a clothing store. Chief Pruett noticed the imprint of a gun in defendant's right hip pocket every time he took a step. He went to the car and, upon defendant's return a few minutes later, told him to put his clothes box in the car, and as defendant was doing so informed him he was under arrest for investigation and carrying a concealed weapon. He took the gun, a .38 regular, five-shot Smith & Wesson revolver, with four cartridges in it, from defendant's pocket. Defendant had six more cartridges in a pocket. Defendant's automobile was searched and $420 was found in the glove compartment, stacked like money in a money drawer; that is, sixty $1 bills, seventy $5 bills, and one $10 bill.

Defendant testified he acquired the money and the gun while gambling the night before his arrest, and that he was elsewhere at the time of and did not commit the robbery. In this he was corroborated by his witness Cleavester Smith. He also had two character witnesses.

 Defendant's motion for new trial alleges the court erred in overruling his motion to suppress evidence of the finding of $420 in bills in his automobile on the ground the search and seizure thereof was unlawful and in violation of his constitutional rights. Chief Pruett and Sergeant Light testified to the following and other facts, stated hereinbefore, at the hearing on said motion. Defendant and George Hill, who were strangers in the city, were taken to the city hall a short time after defendant's arrest. Light drove defendant's Buick to the city hall and parked and locked it on the city lot. He then went into the city hall and in the presence of Chief Pruett, Lieutenant Matthews, and Hill asked defendant if he could search defendant's car; and defendant answered: "Yes." All proceeded to defendant's automobile. Light unlocked the door and in their presence, defendant standing on the right-hand side of the automobile, found the $420 in bills in the glove compartment of defendant's automobile. The foregoing was substantial evidence that defendant voluntarily consented to the search of his automobile and there was no infringement on his constitutional right against unlawful search and seizure. State v. Burney, 346 Mo. 859, 143 S.W.2d 273 [1]; State v. Bliss, Mo., 18 S.W.2d 509 [1]. In addition, defendant's arrest was lawful and a search, with or without his consent, of his automobile while it was parked on the street or on the city lot within the time indicated by his testimony was an incident of his arrest; and, if material, the arrest was with probable cause on the part of Chief Pruett to believe that defendant participated in the armed robbery occurring earlier in the day at Fort Wood. State v. Green, Mo., 292 S.W.2d 283 [7–9]; State v. Padgett, 316 Mo. 179, 289 S.W. 954, 956 [4, 5]; Williams v. Commonwealth, Ky., 261 S.W.2d 807, 43 A.L.R.2d 490 [1]; 22A C.J.S. Criminal Law § 657(7), p. 601, note 94.

Defendant assigns error in the cross-examination of Cleavester Smith on the ground there had been no conviction of the witness. The substance of this cross-examination follows.

"Q. * * * Mr. Smith, isn't it true that you've admitted to the law officers of Pulaski County, and the authorities at the Fort that you planned and attempted a robbery of the Fort Leonard Wood Theater?" Counsel for defendant Foster objected on the ground the credibility of the witness could not be attacked except on the ground of a conviction. Whereupon the witness voluntarily interposed the following: "I'll answer the question for you, Mr. Cohn. No, sir, it is not true. I haven't admitted to trying to rob anything." The record indicates that the question asked by the prosecuting attorney did not correctly name the theater and, upon the question being repeated in substance, the witness answered: "Not no Fort Wood Theater; no, sir. Q. Fort Wood Drive-in Theater? A. I'm sorry, but I can't answer your question; has nothing to do with me, not in here, anyway. Q. Now, why are you not wanting to answer this question?" Counsel for defendant again objected on the ground the only way the witness's credibility could be attacked was that he had been convicted of a crime, to which the prosecuting attorney answered that he was not asking whether the witness had been arrested, and, defense counsel's objection being overruled, the prosecuting attorney asked: "Now, Mr. Smith, let me ask you this question again, so you understand it: Isn't it true that you admitted to the Pulaski County authorities and the Criminal Investigation Department at Fort Leonard Wood, and specifically Mr. Joseph Clemmons, that you and two others planned and attempted to rob the Fort Leonard Wood Drive-In Theater?" The witness answered: "I wouldn't answer the question 'yes' or 'no' unless you heard my whole answer. Q. What is your whole answer? A. I admitted it after a beating."

 The witness was not asked if he had been arrested for or charged with committing a crime. He was asked if he had

not admitted committing a crime, and he at first answered voluntarily he had not admitted "to trying to rob anything." "The privilege of a witness to refuse to testify on the ground that his testimony may incriminate or tend to incriminate him is strictly personal. Accordingly, a party to a suit cannot claim the privilege for the witness, whether the party is the one who called the witness or not, and neither the defendant in a criminal prosecution nor his counsel can object if a witness for the defendant chooses to answer incriminating questions." 58 Am.Jur., Witnesses, § 48. See also 98 C.J.S. Witnesses § 451; State v. Shepard, 334 Mo. 423, 67 S.W.2d 91, 95 [8] (where it is stated: "The claim [privilege against self-incrimination] could not be interposed for him [a witness] by the defendant; nor can the defendant object even though the court failed to accord the witness due constitutional immunity"); State v. Perkins, 342 Mo. 560, 116 S.W.2d 80, 86 [12, 13]; State v. Malone, Mo., 301 S.W.2d 750, 757 [19, 20]. Consult State v. Long, 201 Mo. 664, 674(III), 100 S.W. 587, 590(3); State v. Bagby, 338 Mo. 951, 93 S.W.2d 241, 248 (IV); Ridenour v. Wilcox Mines Co., 164 Mo.App. 576, 147 S.W. 852, 858 [8]. While it is error to ask a witness if he has been arrested for or charged with a crime, there is an obvious distinction if he is asked if he committed the crime (Wendling v. Bowden, 252 Mo. 647, 697, 161 S.W. 774, 789), and we conclude this distinction extends to asking him if he has admitted committing an offense. Under the foregoing authorities the court did not abuse its discretion in permitting this cross-examination of witness Smith.

■ Assignments in defendant's motion for new trial that the court erred "in admitting incompetent, irrelevant and immaterial evidence offered by the State" and "in sustaining objections by the prosecuting attorney to relevant and material evidence offered by the defendant" are too general to preserve anything for appellate review under Supreme Court Rule 27.20, V.A.M.R.

We have ruled all allegations of error in defendant's motion for new trial. Our examination of matters we inquire into under Sup.Ct.R. 28.02 discloses no prejudicial error.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.