**STATE of Missouri, Respondent,**

v.

**Eugene Lovereture CAMPER, Appellant.**

No. 48836.

Supreme Court of Missouri,

Division No. 1.

Feb. 12, 1962.

Simon & Pierce, Kansas City, for appellant.

Thomas F. Eagleton, Atty. Gen., Dale Reesman, Special Asst. Atty. Gen., for respondent.

HOUSER, Commissioner.

Eugene Lovereture Camper, charged with burglary second degree and stealing, was found not guilty of burglary second degree but guilty of stealing property of the value of at least $50 and his punishment

was assessed at two years in the penitentiary. Defendant appealed but filed no brief, so we examine the seven assignments of error in his motion for new trial. Supreme Court Rule 28.02, V.A.M.R.

The information charged, inter alia, that on August 15, 1960 in Jackson County defendant unlawfully, feloniously, intentionally, and without the consent of the owner thereof, did steal two adding machines of the value of $800; four adding machines of the value of $490; one typewriter of the value of $75, (all described with particularity), of the aggregate value of $1365, the property of Atlanta Life Insurance Company.

■ The first assignment is error in failing to strike from the jury panel juror number 15 "who indicated by an outburst during the voir dire by defendant's counsel, extreme hostility toward the defendant and his counsel." The record shows that defendant's counsel said in open court: "Members of the panel, at this time, I wish to ask generally whether members of the panel understand the difference between civil cases generally and criminal cases, technically as to the amount of proof required?" Juror number 15 said: "I don't think any of us understand that. You are going to have to make a speech." The judge then told the jurors to address their remarks to the Court and properly hold up their hand, and orally explained to the jury the difference between the requirement of a finding by a preponderance of the evidence in civil cases and beyond a reasonable doubt in criminal cases; asked if any member did not understand the difference and would not follow the instructions of the court at the close of the case, and stated that the State was obligated to prove guilt beyond a reasonable doubt; that it was not the duty of the defendant to prove himself innocent; that the jury would be instructed thereon at the close of the case. Thereupon defendant's counsel moved that juror number 15 be excused from the panel "as indicating hostility towards counsel or defendant." The court overruled, stating "I did not understand it was hostile." The record reveals no outburst or manifestation of hostility on the part of the juror and the trial judge, present and observing the entire incident, did not sense any hostility. The motion to excuse the juror was addressed to the sound discretion of the trial court. In the determination of the qualifications of a juror the court has a wide discretion, State v. Hinojosa, Mo.Sup., 242 S.W.2d 1, 8; State v. Brown, 360 Mo. 104, 227 S.W. 2d 646, 654, and we find no abuse but rather a proper exercise of the court's discretion in this instance.

The second and third assignments charge error in failing to sustain defendant's motion to suppress evidence of a cash box found in the seat of the car, and to exclude from evidence the metal box and items taken from the car seat. Appellant gave no reason in his motion for new trial why the evidence should have been suppressed and excluded, but from his motion to suppress it appears his contention is that this was an illegal search and seizure made in violation of his constitutional rights. At 2:50 a. m. on the date in question Officer Davies, driving a patrol car, saw an automobile come out of an alley in the rear of 1900 Paseo in Kansas City at a "pretty high rate of speed into the street and swerve." After this car got "straightened away into the street" the lights were turned on. The patrol car followed the other car for several blocks. Finally its driver pulled over to the side and parked. The patrol car stopped behind it. As Officer Davies opened the door of the patrol car two men or boys jumped out of the car ahead and fled. Two men remained in that car. Davies hollered to the fleeing men to stop, that they were under arrest, but they kept on running. Davies went to the car, and placed the two men in the car under arrest, for violation of traffic ordinances: driving in a careless manner and driving without lights. While Officer Davies was talking to defendant at the rear of the car, Patrolman Harkness looked into the interior of the car. In the center of the front seat he saw a little

green cash box and two screwdrivers. After he saw the box he opened the door of the car, turned on his flashlight and looked "all around underneath the car," under the seat, etc., but discovered nothing more. Neither officer had any knowledge that a felony had been committed. Patrolman Harkness acted without a search warrant, and without gaining the consent of the defendant to check the car.

■ The constitutional guaranties against unreasonable search and seizure are not infringed where stolen property is recovered without search, i. e., where stolen property "lies fully disclosed, open to the eye and in plain view. * * * A search, within the constitutional provisions invoked, * * * 'implies a prying into hidden places for that which is concealed.' Observation of that which is open to view is not a search. A search (such as is prohibited by the constitutional provisions invoked) is not made by merely looking at that which can be seen." State v. Hawkins, 362 Mo. 152, 240 S.W.2d 688, 692, quoted with approval in an identical situation in State v. Reagan, Mo.Sup., 328 S.W.2d 26, 28, and again cited, along with the Reagan case and State v. Campbell, Mo.Sup., 262 S.W.2d 5, 9, in State v. Mallory, Mo.Sup., 336 S.W.2d 383, 385. And see 47 Am. Jur., Searches and Seizures, § 20. As indicated in the Mallory case, there was no unreasonable search and seizure of the metal cash box, and no error in overruling the motion to suppress it as evidence. It was admissible in evidence, if properly identified. State v. Mallory, supra. Appellant's contention that the court erred in not excluding it from evidence, however, is without substance for the reason that the transcript does not reveal that the metal cash box was ever marked as an exhibit, offered or received in evidence.

The fourth and fifth assignments alleged error in "failing to sustain defendant's motion to suppress evidence taken from the locked trunk of the defendant's car. The automobile was not searched at the time of arrest or incident thereto, but was searched later without a search warrant," and in "failing to exclude from evidence over defendant's objection, the machinery and equipment taken from the locked trunk in the rear of defendant's car while said car was in custody and said search was made without a search warrant." The facts are that after arresting defendant and finding the metal cash box and screwdrivers, the officers took defendant and his car to the police station, where the metal cash box was pried open. It contained checks payable to Atlanta Life Insurance Company, 1900 Paseo. At that time Officer Davies proceeded to 1900 Paseo, where he found that a window had been broken, and the window raised. With assistance he entered the window, which led into the offices of Atlanta Life Insurance Company. Davies called the district manager of the company by telephone. The latter testified he received this call at 3:30 or 4 a. m., and came to the office. He and the officers there ascertained that a file cabinet safe had been broken into, and that the cash box, a typewriter, two electrically operated Burroughs calculating machines, four manually operated adding machines, and a receipt machine, were missing. Six desks were burst open. The cigarette machine was broken open, cigarettes were missing and the cigarette cash drawer had been removed. Officer Davies returned to police headquarters where the car used by defendant was being held. Defendant had told the officer that he did not have the key to the trunk, so the officers "yanked the back seat off." A "whole trunk full of cigarettes, adding machines, and business machines" were found in the car trunk. They were identified the next day and at the trial as the property of Atlanta Life. At the time the rear seat was removed and the contents of the trunk revealed the car had been in police custody for a period of time estimated at one hour. The officers did not have a warrant to search the car.

■ Defendant having committed a misdemeanor in the presence of the officer (speeding and driving without lights), the

arrest without a warrant was lawful. Section 84.710, RSMo 1949, V.A.M.S. In the course of this lawful arrest one of the officers saw a metal cash box and two screwdrivers through the car window. Considering the time of the night, the erratic course of the car and the way it was being driven, the fact that two of the passengers fled as defendant's car stopped, and the discovery of the cash box and screwdrivers, the officers had reasonable grounds for suspicion, and a duty to the public to further investigate, State v. Cohn, Mo.Sup., 347 S.W.2d 691, 695, to determine whether another offense had been committed. When the cash box was opened and found to contain cash and checks payable to the insurance company; when upon further investigation the offices of the insurance company were found to have been broken into and a cash box and other articles missing, the officers had probable cause to believe that defendant had committed the theft; that the automobile had been used as the getaway car, and that it contained other stolen articles. A reasonable belief or probable cause for believing that a felony has been committed and that an automobile contains that which by law is subject to seizure, will justify a search of an automobile and seizure incident to a lawful arrest, without a search warrant. State v. Loftis, 316 Mo. 878, 292 S.W. 29; Lawson v. United States, 8 Cir., 254 F.2d 706; 79 C.J.S. Searches and Seizures § 69a. The traffic offense, the arrest, the discovery of the cash box and the investigation which revealed the theft constituted one continuous flow of events which led without interruption to the search of the automobile. The search of the automobile and seizure of the fruits of the crime without a warrant were not unreasonable under these circumstances, but were based upon probable cause, as an incident to a lawful arrest. State v. Mallory, Mo.Sup., 336 S.W.2d 383; State v. Edwards, Mo.Sup., 317 S.W.2d 441. The interval of approximately an hour between the time of the arrest and the time of the search did not break the continuity of events. State v.

Green, Mo.Sup., 292 S.W.2d 283, 1. c. 287. The disclosure, by the search, of evidence of the commission of another offense than that for which the arrest was made did not invalidate the search and seizure or render the evidence obtained therein inadmissible when defendant was placed on trial for the other offense. State v. Padgett, 316 Mo. 179, 289 S.W. 954; Haverstick v. State, 196 Ind. 145, 147 N.E. 625; State v. Flanagan, 251 Wis. 517, 29 N.W.2d 771; King v. State, 73 Okl.Cr. 404, 121 P.2d 1017. The motion to suppress was properly overruled and the machinery and equipment were properly admitted in evidence, despite the fact that no search warrant was caused to issue.

■. The sixth and seventh assignments allege error in failing to sustain defendant's motion for a judgment of acquittal at the close of the state's case and at the close of the entire case for insufficiency of the evidence to sustain the offense alleged in the information. The offense alleged, of which defendant was convicted, was stealing property of the value of at least $50. Under the evidence the jury could find that defendant was caught red-handed, in flight from a theft, near the scene of the crime, with stolen property of the value of several hundred dollars in his possession. The state made a strong case, and there is no error in this record in the respects mentioned in the motion for new trial.

There is no error with respect to the sufficiency of the information, verdict, judgment and sentence, which we have examined under Rule 28.02.

The judgment is affirmed.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.