STATE of Missouri, Plaintiff-Respondent,

v.

Julius BYRTH, Defendant-Appellant.

No. 51246.

Supreme Court of Missouri,

Division No. 2.

Nov. 8, 1965.

Norman H. Anderson, Atty. Gen., John H. Denman, Asst. Atty. Gen., Jefferson City, for respondent.

Max Sigoloff, St. Louis, for appellant.

BARRETT, Commissioner.

Under an information charging the possession "of a narcotic drug, to wit: 7.5 grams" of marijuana and a prior felony conviction of assault with intent to kill, the appellant Julius Byrth has been found guilty by a jury and the court has fixed his punishment at five years' imprisonment.

The information, largely in the language of the statute, appropriately charges the offense and the penalty assessed by the court is well within the prescribed limits of "not more than twenty years" for the first offense. RSMo 1959, §§ 195.020, 195.200, V.A.M.S.; State v. Virdure, Mo., 371 S.W. 2d 196. The objection urged to the information, as the court understands, is that it "has placed the defendant's prior conviction as the primary charge and the charge of possession of marijuana by the defendant was incidental to the primary charge of the prior conviction." Because of this it is said, therefore, that the court erred in having permitted proof of the commission of another crime. It is not perfectly clear just what the appellant's claim is—if it is that the information first charged the prior conviction and then alleged the substantive offense it is not apparent how this may have prejudiced the appellant. The prior conviction, as to both form and substance follows the language of the statute and the court heard and found the prior conviction independently of the principal trial. RSMo 1959, § 556.280, V.A.M.S.; State v. Wolfe, Mo., 343 S.W.2d 10. In addition and dispositive of any claim of error in the admission of other offenses is the fact that not

only was the alleged prior felony admitted, the appellant testified and on direct examination his counsel said: "Now, Mr. Byrth, this probably will be brought out, and I would like for you to bring it out. Have you ever been arrested prior to this time? A. Yes, I have. Q. Have you even been convicted? A. Yes, I have. Q. And on what charge was that conviction? A. Felonious assault. Q. All right. And were you sentenced to the penitentiary as a result of that? A. For three years. * * Q. Have you had any run-ins or trouble with the law? A. Thirty days in the workhouse on a charge of peace disturbance."

On cross-examination, to which there was no objection, state's counsel inquired of another conviction: "Q. You weren't convicted on July 7, 1962 for resisting arrest; is that correct? A. Oh, yes, I was; five days in the workhouse." In part the appellant's complaint is that there was improper proof of another crime, that he did not offer "evidence of his character" and therefore character was not in issue and so it is argued that it was improper to permit proof of other offenses. But aside from the defendant's own testimony on direct examination, he did testify in detail to the circumstance of his arrest and refuted the state's substantive evidence. The appellant was not disqualified as a witness either by reason of his prior conviction or by reason of the fact that he was the accused but having availed himself of the privilege of testifying, under both statutes, "the convicton may be proved to affect his credibility, either by the record or by his own cross-examination * * * and the party cross-examining shall not be concluded by his answer." RSMo 1959, §§ 491.050, 546.260, V.A.M.S. The revising and reenactment of the second offender act (RSMo 1959, § 556.280, V.A.M.S.) did not repeal or modify §§ 491.050 and 546.260 and if the defendant becomes a witness in his own behalf, he may be contradicted and impeached as any other witness, including to affect his credibility by proof of his prior convictions. State v. Wolfe, Mo., 343 S.W. 2d 10; State v. Washington, Mo., 383 S.W. 2d 518, 523.

The appellant's other briefed and argued points relate to his motion to suppress evidence and incidentally to proof of the substantive offense. It was asserted in his motion to suppress and now that there was no probable cause for the police officer's search of the automobile, particularly its trunk, that appellant was driving and therefore it is said that there was an unreasonable search and seizure, an invasion of his constitutional guaranties and that the evidence obtained by the search was inadmissible. The difficulty with the appellant's contentions in these respects is that they ignore the facts as they were and could be found from the state's evidence. Upon the hearing of the motion and upon the trial these briefly were the circumstances: On July 29, 1964, officers Prokopf and Verbanaz were cruising near Kennerly and Goodfellow when they observed a "white over blue" Plymouth automobile being driven with only one headlight. They also noted that the "out-of-state plate" (Indiana) was so bent that the license number was obscured. The officers stopped the automobile, Byrth was in the driver's seat, and there were five people in it. One of the officers asked to see Byrth's driver's license and "he stated he did not have a license." Officer Prokopf ordered Byrth out of the automobile and as they stepped from behind the Plymouth to the sidewalk, "The subject went for his back pocket * * * in such a manner that I grabbed his hand in fear he might come up with a weapon. * * * Well, he went into his righthand back pocket, and I grabbed his hand, and he come out with some green vegetable substance. * * * I immediately grabbed his hand and put the stuff—took the stuff away from him. * * * At this time I grabbed the stuff from his hand, and the rest of it from his pocket." This quantity of vegetable matter, "(i)t looked like marijuana and smelled like marijuana" to the officer, was placed in a separate package and later turned over to the crime lab-

oratory. In the course of officer Prokopf's testimony it was said that the Plymouth "was a stolen automobile," defendant's counsel said, "He will testify that he stole the automobile as far as that goes." In any event, there in the street the officers made a "visual inspection" of the automobile, including the trunk and found "(a) small amount of green substance, vegetable substance was in the trunk, yes, sir." Subsequently at the police station the automobile trunk was again searched and more vegetable material was "found loose on the floor." This material was separately packaged and eventually the crime laboratory established that the contents of the boxes were 7.5 grams of marijuana. It was the defendant's claim that when the officer told him "to spread-eagle on the car" that the officer "stuck his hand in my pocket and when he come out, he said, 'what is that?' And when I turned around, I swung at his hand, 'I don't know what, but I don't want you to put it in my pocket.'" At this juncture it may be interpolated, despite the appellant's claim and explanation, that the detailed circumstances support the jury's finding of the appellant's guilt of the substantive offense of possession of a narcotic drug. State v. Baines, Mo., 394 S.W.2d 312; State v. Owens, Mo., 391 S.W.2d 248; State v. Jefferson, Mo., 391 S.W.2d 885.

Furthermore in these circumstances there was no basis for the appellant's motion to suppress as to the marijuana, including that found in the trunk of the automobile. Criminal Rule 33.03, V.A. M.R. The appellant was driving in the officer's presence an automobile at night with but one headlight, a misdemeanor (State v. Camper, Mo., 353 S.W.2d 676), he had no driver's license and was in and driving a stolen automobile (State v. Padgett, Mo., 289 S.W. 954, 956), (although he subsequently claimed that one Green gave it to him to drive) and finally there was the vegetable matter in his hand which the officer suspected was marijuana and in all these circumstances there was a lawful arrest and, of course, as an incident to the arrest a lawful search of the automobile (State v. Edwards, Mo., 317 S.W.2d 441), and a lawful seizure of the marijuana and no error in overruling the motion to suppress evidence. State v. Baines, supra; State v. Jefferson, supra; State v. Owens, supra. And, of course, since there was a lawful search and seizure the two packages of marijuana were admissible in evidence. State v. Menard, Mo., 331 S.W.2d 521, 525–526.

Accordingly, for the indicated reasons, the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by Barrett, C., is adopted as the opinion of the court.

All of the Judges concur.