**STATE of Missouri, Respondent,**

v.

**Felton James RILES, Appellant.**

**No. 40476.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 24, 1979.

Robert C. Babione, Public Defender, Theodore Guberman, Asst. Public Defender, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Otto, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Felton J. Riles guilty of carrying a concealed weapon; the trial court found he was a prior felon and sentenced him to five years' imprisonment. Defendant has appealed his sole point relied on claiming error in admitting evidence of defendant's suspicious conduct before his arrest.

Defendant's point relied on was carried into his motion for new trial, but since the motion was filed one day late it is a nullity and preserves nothing for review. *State v. Richardson,* 519 S.W.2d 15[1] (Mo. 1975). Under our discretionary authority, we consider whether defendant's point raises plain error. Rule 27.20(c), VAMR.

The state's evidence was that two police officers saw defendant take a pistol from a companion, cover it in a folded coat, enter and return from a store and then place the coat in the trunk of a car. The officers arrested defendant and found the loaded pistol in the car trunk. Clearly the evidence showed the crime charged.

Defendant's point relied on challenges the state's further evidence that the officers saw defendant and his companion

"case" other stores before the above incidents. Defense counsel opened the subject on cross examination by asking one of the police officers if before the incident in issue he had seen defendant doing anything suspicious. The state pursued this by asking the officer about defendant's prior suspicious conduct. Defendant objected on the ground this testimony violated the court's "protective order." No such order appears either in the transcript or defendant's brief. Without knowing what that "protective order" was we cannot find the trial court violated it. Viewed as plain error we hold defendant "is precluded from asserting error in connection with evidence presented by the state in clarification or explanation of the matter brought into the case by his own questions." *State v. Matha*, 446 S.W.2d 829[3] (Mo.1969).

Judgment affirmed.

REINHARD, P. J., and GUNN and CRIST, JJ., concur.