**STATE of Missouri, Respondent,**

v.

**Harry LITTLE, Appellant.**

**No. 40985.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 18, 1980.

James Whitney, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Michael A. Scearce, Jefferson City, George A. Peach, Circuit Atty., Michael Sulliven, Asst. Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

On July 24, 1978, a jury found defendant guilty of second degree murder (§ 559.019, RSMo. 1969) and assessed his punishment at thirty years. The trial court ordered this sentence to run consecutively with a life

sentence defendant received in an unrelated second degree murder conviction. On the same date noted above, the trial court further ordered that, ". . . [Defendant] has 30 days to file Motion for New Trial. . . ." The motion was filed August 24, 1978, one day late. We affirm.

■ As defendant's motion for new trial was filed out of time, it is a nullity and preserves nothing for appellate review. *State v. Riles*, 581 S.W.2d 457 (Mo.App. 1979). However, pursuant to our discretionary authority, we will consider whether plain error may be ascribed to defendant's points on appeal. Rule 27.20(c).

The evidence was overwhelming that on December 29, 1977, after a drinking binge in which both were engaged, defendant struck the victim several times with an automobile jack-handle and killed him. Defendant claimed that he acted entirely in self-defense, but the sufficiency of the evidence remains undisputed.

Defendant contends that the trial court erred in failing to declare a mistrial after the prosecutor asked him if he had on June 23, 1972, admitted an attempt to bribe a police officer. The challenged exchange appeared as follows:

Q Do you know Earl Miles, Jr. (phonetically)?

A Earl Miles?

Q Yes.

A Earl Mills.

Q Do you know him?

A Yes.

Q Do you remember being with him back in November of 1971?

A Yes.

Q In the City of St. Louis here?

A Right.

Q Do you remember a police officer by the name of Barry Henchey (phonetically)?

A I don't know what the officer's name was.

Q Do you recall on June the 23rd, 1972, in this Circuit Court, admitting that you did try and attempt to bribe a police officer; specifically—?

Before the prosecutor could complete the question, defendant objected and moved for a mistrial. The trial court ordered that the last three questions (and their respective answers) be stricken from the record and admonished the jury to disregard their use.

■ Such was not plain error. The last question appears permissible under *State v. Foster*, 349 S.W.2d 922 (Mo.1961) and *State v. Dunn*, 577 S.W.2d 649 (Mo.banc 1979). In *Foster*, as in the case at bar, defendant was asked whether he had admitted committing a crime, not whether he had undergone a prior investigation or arrest. However, contrary to the situation here, the *Foster* defendant was permitted to answer the question after his objection was overruled. *Dunn* recognizes the potential for prejudice where the alleged prior acts of misconduct are enumerated in detail and where the acts are somewhat similar to the case at trial, but states that, "The extent of cross-examination rests largely in the discretion of the trial court and an appellate court will not interfere unless the discretion is abused." *Dunn*, at page 653. We find no manifest injustice or miscarriage of justice by the trial court's exercise of its discretion in sustaining defendant's objection, striking the challenged matter from the record, instructing the jury to disregard and in refusing a mistrial.

■ Defendant's next inference of trial court error is addressed to the propriety of having admitted into evidence certain color photographs which depicted the victim lying in the street at the scene of the crime and, later, in the morgue. While these pictures are indeed graphic, the transcript is enlightening in that it demonstrates substantial trial court concern about their potential to inflame the minds of the jury. The trial court, after what appeared to be a careful perusal of the photographs, admitted some but rejected others as being too inflammatory in nature. Such photographs are generally held admissible, subject, of course, to the sound discretion of the trial court. We have taken the opportunity to review the photographs and have concluded

that the trial court did not abuse its discretion in this regard. *State v. Jones*, 515 S.W.2d 504, 506 (Mo.1974). And, see *State v. Love*, 546 S.W.2d 441, 451–52 (Mo.App. 1976). Having found no error in the admission of the photographic evidence, we need not reach the issue of plain error.

As his final contention on appeal, defendant charges prosecutorial misconduct allegedly achieved by prematurely flashing the photographs to the jury, and by communicating with and displaying the photographs to defendant in a challenging and vindictive fashion. Defendant claims that by virtue of the aforementioned misconduct he was deprived of a fair trial. There was no substantial evidence of such alleged misconduct. Our reading of the transcript leaves us convinced that this point is without merit. *State v. Stamps*, 569 S.W.2d 762, 767 (Mo.App.1978). Once again, our conclusion renders consideration of plain error under Rule 27.20 inappropriate.

DOWD, P. J., and REINHARD, J., concur.