STATE of Missouri, Respondent,

v.

Blanche BLAIR, Appellant.

No. 45387.

Supreme Court of Missouri,
Division No. 1.

Oct. 14, 1957.

No brief filed for appellant.

John M. Dalton, Atty. Gen., J. Richard Roberts, Sp. Asst. Atty. Gen., for respondent.

COIL, Commissioner.

Appellant, herein called defendant, was convicted of manslaughter and sentenced to ten years in the state penitentiary. She has filed no brief. We, therefore, examine the new trial motion. No claim is therein made that the state failed to make a submissible case and consequently a brief statement of facts will suffice.

Defendant admitted that on December 16, 1954, she shot and killed Leo Johnson but adduced substantial evidence that she did so in self-defense. Her evidence in that respect was that deceased, who lived across the hall, entered her room and demanded that she awaken the man with whom she was living, and, upon her refusal, cursed her, left, returned and again requested that she wake the man, again cursed her for refusing and again left; that thereafter, when defendant went into the hall, decedent again cursed her, threatened to kill her, followed her into her room, struck her on the head with a wine bottle, and said that he was going to get a knife and cut her throat. Thereafter, defendant loaded a shotgun for her protection, but intended to immediately leave the building. As she started to leave her room, decedent was coming from his room with a knife in his hand and threatened to kill her, whereupon she shot and killed him.

Assignments 2D and E in defendant's new trial motion are, in substance, that the trial court erred in refusing to permit defendant to testify that she knew that decedent had the reputation for possessing a rash, quarrelsome, turbulent, and violent disposition. We are of the view that this contention must be sustained.

It is the law that "Evidence that deceased bore the reputation of having a turbulent or violent disposition or character is competent where, as here, the defense is self-defense. State v. Naylor, 328 Mo. 335, 40 S.W.2d 1079; State v. Turnbo, Mo.Sup., 267 S.W. 847." State v. Parker, 358 Mo. 262, 268, 214 S.W.2d 25, 27 [2, 3]. But such evidence is not admissible on the issue of self-defense unless the defendant knew of deceased's reputation for a violent disposition. State v. Carroll, 333 Mo. 558, 567, 62 S.W.2d 863, 868 [16]. The trial court in the instant case gave instruction 6: "If the jury believe and find from the evidence that the deceased Leo Johnson was of a rash, turbulent and violent disposition and that defendant had knowledge of such disposition, then it is a circumstance for the consideration of the jury in considering the reasonable cause for defendant's apprehension of great personal injury to herself." Defendant was entitled to that instruction. State v. Parker, supra, 214 S.W.2d 27 [4]. It is apparent that by giving instruction 6, after having ex-

cluded the only proffered evidence upon which that instruction could have been based, the trial court magnified its error in having excluded that evidence initially.

The state does not contend that the proffered evidence was not competent but claims that there was no prejudice to defendant by reason of its exclusion. The state says that defendant's knowledge was effectively shown by other evidence. The evidence to which the state refers is defendant's testimony that she knew of the decedent who had lived in the same neighborhood as defendant for the past year or two and that she knew people who knew the decedent. It is the state's contention that such constituted sufficient evidence from which the jury should have concluded that defendant must have known deceased's reputation as a man of quarrelsome and turbulent disposition. We think no such conclusion follows. While the suggested inference might have been drawn, certainly it was not the only reasonable inference nor was it compelled. It is just as likely that one living in the same neighborhood as another, knowing only of that person and knowing some of the people whom that person knows, might not know that one's reputation for peace and quiet or for troublesomeness and turbulence, as the case might be.

Defendant also contended in her motion that the trial court erred in admitting in evidence state's exhibit 5. That was a picture showing deceased lying on the floor of his room, taken shortly after he was shot. Defendant's assigned reasons are that the photograph was unnecessary to prove any issue and was unduly inflammatory. Our examination of the photograph indicates that it was not unduly inflammatory and, while it was not essential to the state's case, it nevertheless furnished effective corroboration to the state's witnesses who described in detail the manner in which deceased was lying after being shot and the location of the various articles in deceased's room, and also furnished a clearer impression of things which were orally described by witnesses. We are of the opinion, therefore, that the trial court did not abuse its discretion in admitting the picture in evidence. State v. Tyson, 363 Mo. 1242, 1246, 258 S.W.2d 651, 654 [3, 4].

The additional assignments in defendant's motion for new trial need not be discussed because of the unlikelihood of a recurrence of the matters out of which they arose.

For the error noted, the judgment is reversed and the case is remanded for a new trial.

VAN OSDOL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.