**STATE of Missouri, Respondent,**

v.

**Stan McCLOUD, Appellant.**

**No. 36186.**

Missouri Court of Appeals,
St. Louis District,
Division 4.

April 22, 1975.

Charles D. Kitchin, Public Defender, Richard A. Knutson, James C. Jones, Asst. Public Defenders, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, II, Asst. Atty. Gen., Jefferson City, for respondent.

ALDEN A. STOCKARD, Special Judge.

Stan McCloud was found guilty by a jury of assault with intent to do great bodily harm without malice aforethought, and was sentenced to imprisonment for a term of five years.

A jury reasonably could find from the evidence presented by the State that at about 8:30 o'clock of the evening of October 3, 1973, William Kenneth Carson and two companions had been drinking beer at the intersection of Ohio Street and Chouteau Avenue in St. Louis City. Appellant was sitting "on the back of the car on Chouteau," and he approached Carson and asked if he could have a beer. Carson knew appellant and replied that he could, and they both reached for a beer which was on the ground. According to Carson, appellant "came up with a [switchblade]

knife," and struck him, first in the chest, then in the stomach area, and then on the hand. Carson testified that he had made no threat to appellant and had no weapon. His injuries were diagnosed at the hospital as "deep lacerations and tear of tendon on the right hand, multiple superficial lacerations of the chest and abdomen."

Appellant testified that he had loaned Carson $15.00 to use in a crap game which broke up when Carson won, and that when he asked Carson to return his money they "had some words." He then stated that Carson "got a board," and that all he did "was try to defend" himself. Appellant admitted that he cut Carson with a knife, but that it was with a "little knife," not otherwise described, and not the switchblade knife. When he was searched following his arrest he had the switchblade knife on his person but did not have another knife.

The court instructed the jury on assault with malice aforethought, on assault without malice, and on justifiable assault by reason of self-defense. The jury obviously did not believe appellant's version of what occurred.

Appellant's only contention on appeal is that the trial court erred in not giving an instruction to the jury on common assault, which is defined by § 559.220, RSMo 1969, V.A.M.S., as follows: "Any person who shall assault or beat or wound another, under such circumstances as not to constitute any other offense herein defined, shall upon conviction be punished . . ." as therein provided.

In this case appellant admitted that he intentionally cut Carson with a knife, but he apparently contends that because he used what he called a "little knife" he had no intent to do great bodily harm.

"Persons are presumed to intend the result of their acts," State v. Goodman, 490 S.W.2d 86 (Mo.1973), and the intentional cutting of Carson by appellant with a knife, whether it was with a switchblade knife, or as he described it a "little knife," resulted in great bodily harm. Under the facts of this case appellant was either guilty of assault with intent to do great bodily harm, or he was guilty of no offense by reason of self-defense. There is no evidence to justify or require an instruction on common assault. State v. Goodman, supra; State v. Crossman, 464 S.W.2d 36 (Mo.1971); State v. Bazadier, 362 S.W.2d 603 (Mo.1962); State v. Brown, 245 S.W.2d 866 (Mo.1952).

The judgment is affirmed.

SMITH, C. J., and NORWIN D. HOUSER, Special Judge, concur.