STATE of Missouri,
Plaintiff-Respondent,

v.

William HOWARD, Defendant-Appellant.

No. 38338.

Missouri Court of Appeals,
St. Louis District,
Division Four.

March 14, 1978.

Charles M. Shaw, Shaw, Howlett & Schwartz, Clayton, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Robert L. Presson, Asst. Attys. Gen., Jefferson City, Joseph R. Aubuchon, Asst. Pros. Atty., Daniel Buescher, Pros. Atty., Union, for plaintiff-respondent.

SNYDER, Judge.

Defendant-appellant was charged in two counts with assault with intent to kill. He was found guilty by a jury of assault with intent to kill without malice on both counts and sentenced to consecutive sentences of six months and one year in the custody of the Sheriff of Gasconade County. The offense occurred in Franklin County but a change of venue was granted to Gasconade.

Since no question has been raised as to the sufficiency of the evidence only a brief statement of the facts will be necessary.

The evidence showed that defendant, using a .32 caliber automatic, shot John Delmain, Jr. in the hand and Gerald McCubbin, an off-duty St. Louis County police officer, in the side and arm. The shootings occurred at approximately 1:00 a. m. on March 9, 1975 as the culmination of a dispute over a parking space at Skelly's Restaurant in the City of Pacific.

Officer Paul Prince of the Pacific police department testified without objection that after his arrest and after a *Miranda* warning, defendant twice volunteered the statement that, "They will send me up." Upon cross-examination by defendant it was brought out that Officer Prince in a statement made before the trial had said that defendant made the statement, "They will send me up *this time.*"

Marshal James A. Ray of the Pacific police department testified without objection that when defendant was in a Pacific jail cell he had made the voluntary statement to the Marshal, "It looks like I goofed." Marshal Ray further testified, without objection by defendant, that ten days to two weeks later defendant had told him about the shooting incident at Skelly's. This conversation occurred at defendant's residence when the Marshal was making a routine patrol and was invited inside by defendant. When defendant started to tell him about the incident the Marshal said, "We better not discuss it. I might have to testify in the case." Defendant then said, "It's common knowledge," and proceeded to tell the Marshal about the shootings.

There was a motion to suppress the testimony of both Marshal Ray and Officer Prince as to the statements made to them by defendant. The motion, grounded upon an alleged failure of the police to advise defendant of his rights, was denied by the trial court.

Defendant attempted to cross-examine Marshal Ray as to additional conversation the Marshal had with defendant at his residence wherein the Marshal said something to the effect that anyone with good sense would be frightened of John Delmain, Jr. and Alan Dunlap, a companion of Delmain on the night in question. The state's objection to evidence of this further conversation was sustained.

Defendant called Officer James Bausch as a witness and attempted to interrogate him as to John Delmain, Jr.'s reputation for turbulence and violence. The state's objection to the testimony was sustained based

upon failure to lay a sufficient foundation since there was no evidence that defendant knew of Delmain's allegedly bad reputation for turbulence and violence.

Defendant contends that the trial court erred in: (1) failing to sustain defendant's motion to suppress Officer Prince's testimony as to statements of defendant; (2) failing to sustain defendant's motion to suppress Marshal Ray's testimony as to statements of defendant; (3) refusing to permit defendant to cross-examine Marshal Ray as to a portion of his conversation with defendant at defendant's residence; (4) refusing to permit Officer Bausch to testify as to the reputation of John Delmain, Jr. for violence and turbulence; and (5) refusing to submit common assault instructions on both counts of the information.

The state contends that defendant's first two assignments of error are not preserved for review. They relate to the trial court's failure to sustain defendant's motion to suppress the testimony of Marshal Ray and Officer Prince as to the statements made by defendant. We agree.

When a motion to suppress evidence is denied and the evidence subsequently offered at the trial, defendant must then object to the admission of the evidence with a proper statement of the reasons for the objection, present the matter in his motion for a new trial, and brief the issue on appeal in order to preserve it for appellate review. *State v. Simone*, 416 S.W.2d 96 (Mo.1967).

Defendant raised no objection during trial to the testimony of either Officer Prince or Marshal Ray as to the statements made by defendant. In fact, defendant cross-examined Officer Prince at some length concerning his testimony about defendant's statements. Therefore defendant has not preserved his first two points for appellate review. Absent plain error under Rule 27.20(c), V.A.M.R., the issue should not be considered. *State v. Hampton*, 509 S.W.2d 139 (Mo.App.1974), citing *State v. Stevens*, 467 S.W.2d 10, 19[7] (Mo.1971) [cert. denied, 404 U.S. 994, 92 S.Ct. 531, 30 L.Ed.2d 546 (1971)].

The admissions of defendant to Marshal Ray and Officer Prince that defendant had "goofed" and that, "They will send me up," and the further admission about the shooting by defendant at his residence, did not constitute plain error. They were voluntary statements made after defendant had been given the *Miranda* warning. Defendant was not being interrogated, but instead made the statements spontaneously. The Fifth Amendment does not prohibit "volunteered statements of any kind" from being used as evidence against a defendant accused of a crime. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *State v. Hampton, supra; State v. Stevens, supra.*

Appellant cites *State v. Stevenson*, 523 S.W.2d 349 (Mo.App.1975) in support of his contention that it was error to admit evidence of defendant's statements to Officer Prince and Marshal Ray. The case here is distinguishable from *State v. Stevenson, supra* in that here defendant was not in an interrogation room, but in his cell in the one case and at his own residence in the other. Officer Prince was merely waiting for defendant to finish initialling the *Miranda* card and to return it and the pen. Defendant said twice, "They will send me up." They were spontaneous statements of a voluntary nature, not a confession as in *Stevenson*. Here there was not the "subtle compulsion" present in the *Stevenson* case.

Evidence of defendant's statements to Marshal Ray is even less subject to attack than evidence of the statements to Officer Prince. Defendant's statement to the Marshal at the jail about "having goofed" was made during or just after an exchange of greetings. The two were acquaintances and the conversation was a casual one completely foreign to the arrest or any other official procedure. Defendant's statements to the Marshal about the shootings were also entirely voluntary. Defendant was not in custody, but in his own home. He was even cautioned against talking by the Marshal and warned that the Marshal might have to testify in the case. In spite of this,

defendant talked freely about the crime. The *Stevenson* case is clearly distinguishable. We hold against defendant on his first two points.

■ Defendant next contends it was error for the court to refuse to permit defendant to cross-examine Marshal Ray as to his conversation with defendant occurring after the conversation about the shooting. Defendant offered to prove that the Marshal had said that anyone with good sense would be frightened when confronted by Dunlap and Delmain. The state's objection was properly sustained by the court.

■ The extent of cross-examination is largely within the discretion of the trial court. This is particularly true as to collateral matters. *State v. Knicker*, 424 S.W.2d 605 (Mo.1968); *State v. Johnson*, 486 S.W.2d 491 (Mo.1972). Absent a clear showing of abuse of discretion, appellate courts will not interfere. *State v. Tyson*, 363 Mo. 1242, 258 S.W.2d 651 (Mo.1953); *State v. Vansandts*, 540 S.W.2d 192 (Mo.App.1976). We find no abuse of discretion here.

Marshal Ray's opinion as to the fearsome qualities of Delmain and Dunlap would not have been admissible as evidence in the direct testimony of Marshal Ray. No more may it be received in answer to defendant's cross-examination unless it is found to be relevant or unless it should be allowed, as defendant contends, under the rule of curative admissibility. "Evidence otherwise inadmissible is frequently admitted because of the fact that similar evidence has been introduced by the adverse party; and accordingly, the introduction by one party of part of a conversation, writing, or transaction may entitle the adverse party to introduce the whole thereof, provided it is relevant and material to the portion previously introduced, and explanatory thereof." (31A C.J.S. Evidence § 190 p. 509). The rule is based upon the fairness of permitting a party to cure the admission of improper evidence by his opponent.

We have held that evidence of the conversation between Marshal Ray and defendant relating to the actual shootings was not improper. Even if it were, Marshal Ray's opinion of the fearsomeness of Delmain and Dunlap is not relevant or material to the portion of the conversation about the shootings nor does it in any way explain the happenings at the parking lot.

Defendant cites *Kelley v. Hudson*, 407 S.W.2d 553 (Mo.App.1966) in support of his position. The state also cites *Kelley* and with more justification. The case is not authorization for admitting this challenged testimony. In *Kelley*, one side of a conversation was admitted through plaintiff's cross-examination. Plaintiff objected to admission on redirect examination of defendant's responses in that conversation on the identical subject which was already in evidence. The cases are distinguishable. Defendant here offered evidence of a statement which was not relevant to the chronological description defendant had given Marshal Ray; neither was it relevant to any other issue in the case. Second, and closely related to the relevancy requirement, the language of the *Kelley* case would seem to require the challenged statements to "fill out and explain the sense of" the conversation already in evidence. The essence of the conversation was a description of the event; Marshal Ray's personal feelings about Delmain and Dunlap do not help to explain the sequence of events. The purpose of the rule, which is to make certain both sides of a conversation are in evidence when to admit only one side would create an unfair impression for the trier of fact, would not be served by application to this situation. We have no half-truths or false impressions created by Ray's testimony; there was no "relevant remainder" here which the jury needed in order to examine and weigh defendant's statements "in light of the whole truth". *Kelley v. Hudson, supra*, at page 556. We find no abuse of discretion by the trial court in refusing to admit the questioned evidence.

■ Defendant next claims the court erred in refusing to permit Officer Bausch to testify as to the reputation of John Delmain, Jr. for violence and turbulence. The court sustained the state's objection to this

testimony on the ground that there was no evidence defendant knew of the bad reputation of Delmain and therefore Officer Bausch's testimony was not admissible. There was no error. Evidence of a victim's reputation for being of turbulent or violent disposition is not admissible unless the defendant knew of the reputation, and such a reputation cannot be proved by specific acts of violence. *State v. Smart*, 328 S.W.2d 569 (Mo.1959). See also *State v. Blair*, 305 S.W.2d 435 (Mo.1957) and *State v. Carroll*, 333 Mo. 558, 62 S.W.2d 863 (Mo.1933).

■ Although the rule we adopt is set out in homicide cases, it is equally applicable to assault cases. This rule is logically consistent with the rationale for self-defense: defendant's reasonable belief that he is endangered. Unless the trier of fact knew that defendant was aware of the victim's reputation, of what value is the third party's testimony? Self-defense must rest on the defendant's knowledge. Nothing in the transcript shows defendant knew of a reputation of John Delmain, Jr. for turbulence and violence. Absent such knowledge, Officer Bausch's testimony was properly excluded.

■ Finally defendant claims error in the trial court's refusal to submit instructions on the lesser offense of common assault on both counts of the information. The state contends that this point has not been preserved for review. We agree.

"A motion for a new trial shall be in writing and must set forth in detail and with particularity in separate numbered paragraphs, the specific grounds or causes therefor." Rule 27.20(a), V.A.M.R. Defendant's motion for a new trial reads as follows:

"5. The Court committed prejudicial error when the Court refused to submit to the jury for their deliberations as to Count I that the Defendant could be found guilty of common assault.

(a) By failing to submit to the jury, for their consideration as to Count I, a proper instruction on common assault, the jury was deprived of their right and duty to consider a lesser degree of the offense for which the Defendant was on trial."

A similar paragraph was included in the motion as to Count II. The language does not satisfy the requirements of the rule. Defendant fails to point out in the motion any specific facts or grounds which would support or require a common assault instruction. *State v. Sanders*, 541 S.W.2d 530 (Mo. banc 1976); *State v. Cheek*, 413 S.W.2d 231 (Mo.1967); *State v. Luttrell*, 366 S.W.2d 453 (Mo.1963).

We have not been requested to review this point under the plain error rule. Rule 27.20(c), V.A.M.R. The evidence, however, reveals that no manifest injustice or miscarriage of justice will result from the ruling.

■ "Whether requested or not, the Court must instruct the jury in writing upon all questions of law arising in the case which are necessary for their information in giving their verdict; * * *." Section 546.070(4), RSMo 1969. "Upon an indictment for assault with intent to commit a felony, or for a felonious assault, the defendant may be convicted of a less offense; * * *." Section 556.230, RSMo 1969. These sections must be read in the light of a long line of Missouri cases which clearly hold: (1) an instruction on common assault is not mandatory with every count charging a more serious assault, and (2) an instruction on common assault is required only if there is evidence to support such a submission. "The test of whether an instruction on a lesser, included offense is required is whether 'the evidence shows that a defendant may not be guilty of the offense charged, (stealing) but may be guilty of an offense (tampering) necessarily embraced in the charge'. *State v. Leigh*, 466 S.W.2d 685[2] (Mo.1971). 'Before instructions on the included or lesser offenses are compelled, however, there must be evidentiary support for such offenses.' *State v. Washington*, 357 S.W.2d 92[6–8] (Mo.1962). See also *State v. Walker*, 505 S.W.2d 119[5–8] (Mo.App.1973)." *State v. Sturgell*, 530 S.W.2d 737 (Mo.App.1975).

"It is not mandatory, however, in all cases to instruct on a lesser offense or an offense included within that charge. An instruction on the lesser or included offense is required only if there is evidence to support such a submission. Where the evidence so clearly shows the commission of the more serious crime as charged that no other interpretation of the defendant's conduct is reasonably possible, and there is nothing to justify a finding of common assault only, a defendant charged with felonious assault is not entitled to an instruction on common assault." *State v. Watson*, 364 S.W.2d 519, 522 (Mo.1963). Defendant has not pointed out to us, nor have we been able to find in a thorough reading of the transcript, any evidence to support a common assault submission.

Defendant fired a handgun into an occupied automobile only a few feet away from him. He shot a second victim at close range. The jury chose to find him guilty of the offense of assault with intent to kill without malice aforethought. An assault with a "little knife" was held to require an instruction on assault to do great bodily harm, but not common assault, in *State v. McCloud*, 522 S.W.2d 631 (Mo.App.1975), the court saying at page 632, "Under the facts of this case appellant was either guilty of assault with intent to do great bodily harm, or he was guilty of no offense by reason of self-defense. There is no evidence to justify or require an instruction on common assault." See also *State v. Ayers*, 305 S.W.2d 484 (Mo.1957). Here the assault was with a gun, a much more deadly weapon than a "little knife". The *McCloud* reasoning applies here, but with more force. The instructions were properly refused.

The judgment is affirmed.

DOWD, P. J., and ALDEN A. STOCKARD, Special Judge, concur.