STATE of Missouri, Respondent,

v.

Anthony M. BRANDON, Appellant.

No. 41520.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 2, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 17, 1980.

John Ashcroft, Atty. Gen., Mary C. P. Pincus, Asst. Atty. Gen., Jefferson City, for appellant.

Doris Gregory Black, St. Louis, for respondent.

GUNN, Presiding Judge.

Defendant was convicted on three counts of assault with intent to kill without malice. Punishment was assessed at two years imprisonment on each count to be served consecutively. His appeal raises three points of alleged error: (1) that the jury should have been instructed on the lesser included offense of common assault; (2) that the trial court erroneously denied defendant's motion for psychiatric examination without hearing; (3) that certain evidence should have been suppressed as having been seized as a result of an improper warrantless search. We find no error and affirm the conviction.

From the evidence the jury could find that St. Louis police received information from a reliable informant that Venice Prince Evans and two other individuals could be found in an apartment complex in north St. Louis. Evans was a city jail escapee and the two other persons were also wanted by police. A number of police went to the eighth floor apartment where they had been directed. The apartment was leased to Patricia Riles who was a friend of defendant's girl friend and, incidentally, the girl friend of defendant's brother who was on the wanted list for bank robbery. The police knocked on the door, announced their identity and called to have the door opened. Looking through an opening in the door, one of the police officers could see a woman, a child and a man—the defendant—who was carrying a pistol in his hand and running toward the back of the apartment. Again, the police banged at the door calling out that they were law officers. Defendant's response was to fire his gun. After defendant's gun shot, police burst into the apartment. Two more gun shots were fired by the defendant at three of the police officers now in the apartment; then an exchange of several shots swept through the apartment. A woman called out to stop the shooting, and soon two women and a child debouched from the rear of the apartment. One of the women told police that defendant had jumped from a rear window—a quantum leap of eight stories to the ground. Police scurried outside and found the defendant lying on the ground, his .45 caliber automatic weapon underneath him and an extra ammunition clip laying nearby. Defendant was taken to the hospital for treatment of his injuries—multiple bruises, a fractured wrist and kidney contusions. At trial, the defendant made the amazing revelation that he escaped unscathed in the eight story fall to the ground; that his injuries had been administered by police officers. His account of his miraculous jump differed severely from what he told medical personnel at the time he was received in the hospital.

Spent .45 caliber casings, bullets and an empty .45 caliber ammunition clip were found on the apartment floor by the window from which defendant had made his leap for freedom. The casings and bullets had been fired from defendant's gun.

At the outset, we note that defendant's motion for a new trial was filed 41 days after the return of the verdict and is thereby untimely. Hence, our review of the points raised will be considered under plain error to determine whether there was a manifest injustice or miscarriage of justice. *State v. Little*, 596 S.W.2d 756 (Mo. App.1980); Rule 27.20(a) and (c).[1]

Defendant's first point of appeal pertains to the trial court's refusal to instruct on common assault. Defendant's theory of the case was that his peaceful sleep was interrupted by unknown intruders crashing into his girl friend's apartment accompanied by the roar of gun fire. In defense of himself and those within the apartment and to fight off the invading trespassers, he shot a .45 caliber gun at them. Defendant asserts that this plausible defense entitled him to common assault instructions as a lesser included offense of assault with intent to kill with or without malice aforethought.

Common assault is a lesser included offense of assault with intent to kill or do great bodily harm without malice afore-

1. In effect at the time of trial; current rules are Rule 29.11(b) and 29.12(b).

thought. *State v. Hammond,* 571 S.W.2d 114 (Mo. banc 1978); *State v. Leindecker,* 594 S.W.2d 362 (Mo.App.1980); *State v. Laususe,* 588 S.W.2d 719 (Mo.App.1979); *State v. King,* 588 S.W.2d 147 (Mo.App. 1979). But in an assault case, the trial court is not required to submit an instruction on a lesser included offense where the facts in evidence are insufficient to arguably support such a submission. *State v. Howell,* 524 S.W.2d 11, 24 (Mo. banc 1975); *State v. Leindecker,* 594 S.W.2d at 365; *State v. Laususe,* 588 S.W.2d at 721.

■ The evidence, viewed from any aspect, fails to support an instruction for common assault. In an assault case, malice is presumed when a deadly weapon is used and the natural consequences of the act are intended in the absence of countervailing circumstances. *State v. McCurry,* 587 S.W.2d 337, 342 (Mo.App.1979); *State v. Webb,* 518 S.W.2d 317 (Mo.App.1975).

■ The state's evidence was that after police officers had made their identity known, defendant repeatedly fired at them with a .45 caliber automatic weapon. From this evidence the jury could infer that the defendant, at the very least, intended to do great bodily harm. Thus, the assault and intent necessary to satisfy the elements of assault without malice were manifestly present. Section 559.190 RSMo 1969.[2]

■ Common assault, while nubilous, nevertheless requires as a constant an "intentional *unlawful* offense of bodily injury to another by force." (emphasis added). *State v. Higgins,* 252 S.W.2d 641, 646 (Mo. App.1952).

Defendant's version of events was that he fired the gun in self–defense and to frighten off unknown invaders in the night at his place of abode. If defendant's account were acceptable, his actions were not unlawful but, in fact, lawful self–defense. If so, an instruction on common assault was not warranted, as defendant was either guilty of assault with or without malice or guilty of nothing at all by reason of self– defense. *State v. Leindecker,* 594 S.W.2d

at 365; *State v. Feast,* 588 S.W.2d 158 (Mo.App.1979); *State v. McCurry,* 587 S.W.2d at 342; *State v. Howard,* 564 S.W.2d 71 (Mo.App.1978); *State v. McCloud,* 522 S.W.2d 631 (Mo.App.1975); *State v. Webb,* 518 S.W.2d at 321. Defendant's theory of innocence by reason of self– defense was submitted to the jury by proper instruction and rejected. His first point is therefore without merit.

The transcript before us belies defendant's second point, which is that his motion for psychiatric examination was denied without hearing by the circuit court.

During consideration of pretrial motions the following colloquy took place between the trial judge and defendant's attorney:

[Trial Court] The next motion in the file is a motion filed by Mrs. Black concerning a motion for psychiatric examination. The court understands that the motion was tried, heard, and overruled; is that correct?

MRS. BLACK: Yes, your Honor, it was overruled by Judge Hart.

THE COURT: All right. So that has been ruled on.

Nothing further appears in the record regarding the psychiatric examination, but on appeal and in spite of the foregoing, defendant insists that he was denied a hearing on his motion. We have not been furnished any record which would support defendant's contention, so we have nothing to review. *State v. Jones,* 594 S.W.2d 932 (Mo.1980). Nor does the trial record offer any indication that would cast suspicion on defendant's competency to stand trial. *See: State v. Haley,* 603 S.W.2d 512 (Mo.1980).

■ It is clear from the record that a hearing was held on the psychiatric examination issue; that defendant was found competent to stand trial; that without a transcript of the proceedings other than what has been discussed, we can only conclude that proceedings complied with the requirements of § 552.020(2), RSMo 1969. *State v. Battle,* 588 S.W.2d 65 (Mo.App. 1979), is precisely on point in this regard.

**2.** In effect at the time of the offense.

Finally, defendant insists that as the police had no search warrant, the state could not make use of the spent bullets, casings, cartridges and ammunition clips found in the apartment nor make use of photographs depicting the condition of the apartment. But defendant's argument presumes that the police had no right to be in Pat Riles' apartment when in fact they did.

According to the state, police had received information from a reliable informant[3] that a work house escapee was in the Riles' apartment. While knocking on the apartment door and properly identifying themselves, police noticed through an aperture in the door that a man was inside with a gun in his hand. The man's response to police knocks and requests the door be opened was to fire the gun.

First, we note that there was no violation of defendant's right of privacy by the police viewing his activities through the opening in the door. *State v. Macke*, 594 S.W.2d 300, 309 (Mo.App.1980).

Next, the particular actions of defendant is displaying and firing his weapon as was noted by police through the opening in the door created sufficient exigent circumstances to permit substantial cause for a warrantless entry into the apartment. *State v. McCurry*, 587 S.W.2d at 340; *State v. Timmons*, 574 S.W.2d 950 (Mo.App.1978). Accord, *State v. Epperson*, 571 S.W.2d 260 (Mo. banc 1978), *cert. denied*, 442 U.S. 909, 99 S.Ct. 2820, 61 L.Ed.2d 274 (1979).[4] Once legitimately in the apartment under the exigent circumstances related, all items seized and introduced in evidence, *e. g.*, spent cartridge casings and ammunition clips and photographs of the open apartment, were absolutely in plain view of the police. No search was needed for their disclosure, as they were readily observable, primarily laying on the floor. As such, all items, including the photographs were prop-

erly admitted into evidence. *State v. Epperson*, 571 S.W.2d at 266, 267; *State v. McCurry*, 587 S.W.2d at 341.

No manifest injustice or miscarriage of justice appears. The judgment is therefore affirmed.

STEPHAN and PUDLOWSKI, JJ., concur.

---

3. The informant was known to police and had *on several occasions provided valuable and reliable information.* On the use of information received from informants, *see: State v. Wiley*, 522 S.W.2d 281 (Mo. banc 1975), and *State v. Finley*, 588 S.W.2d 229 (Mo.App.1979).

4. *State v. Epperson* contains a superb treatment of the law of exigent circumstances for warrantless entry and the plain view doctrine.