STATE of Missouri,
Plaintiff-Respondent,

v.

Harry TETTAMBLE,
Defendant-Appellant.

No. 49807.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 30, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 29, 1986.

William J. Shaw, Public Defender, Mary E. Dockery, Asst. Public Defender, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CARL R. GAERTNER, Presiding Judge.

Appellant was convicted by a jury of sodomy, § 566.060, RSMo.Cum.Supp.1984, forcible rape, § 566.030 and armed criminal action, § 571.015. On appeal he charges error in the denial of his motion to suppress fruits of a warrantless, non-consensual police entry into his home, specifically, a knife and a rifle police seized in the course of a search, and a statement he made to police following his arrest.

At trial, appellant and his 21 year old daughter, the alleged victim, gave markedly different, though equally sordid, accounts of the same sexual assault. Both father and daughter testified that acts of sexual intercourse and sodomy took place and a knife was used. Both asserted the acts were committed while the daughter, who was married and who maintained a separate residence, was visiting the father's home. Both asserted alcohol and marijuana were ingested, though they disagreed as to who consumed what and how much. Daughter, however, testified it was

appellant who brandished a knife, forced her to disrobe, and then raped and sodomized her. Appellant, on the other hand, asserted daughter was the aggressor who subjected him to various acts of sexual abuse, including oral sodomy, forcible intercourse and the infliction of numerous minor cuts about his genitals, after he, overcome by the effects of the alcohol and marijuana, had fallen from his chair, conscious but unable to move. By both accounts, appellant "passed out" at the conclusion of these sexual activities.

While appellant was unconscious, daughter dressed, left the house and shortly thereafter drew the attention of a police officer. Daughter told the officer she had been raped. The officer called his supervisor who, with two other officers, went directly to appellant's house. Daughter had told the officers appellant was passed out in his bedroom and they would find the back door open. At the house, hearing no response to their knocks, the officers entered through the open back door and found appellant apparently asleep. The officers could not arouse appellant even after appellant had been handcuffed. The officers searched the entire house, seizing a .22 rifle from a closet and a knife from the bathroom where the daughter told them she had placed it. Appellant was taken to the police station where he waived his *Miranda* rights and made a statement to the police. The statement did not differ materially from his testimony at trial.

At the outset we reject the state's contention that the warrantless arrest and search were justified on the basis of "exigent circumstances." Peculiarly apropos to the facts in the instant case is the statement of the basic rule set forth in *State v. Mays*, 654 S.W.2d 926, 935 (Mo.App.1983).

Because this arrest took place in appellant's home without a warrant, the holding in *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980) that a warrantless, non-consensual entry into a suspect's home to make a routine felony arrest is violative of the suspect's Fourth Amendment rights, even where

the police officers have assembled evidence sufficient to establish probable cause that a crime has been committed and the person sought was the one who committed the crime, is controlling. *State ex rel. Williams v. Marsh*, 626 S.W.2d 223, 236[21] (Mo. banc 1982).

The evidence in this case clearly falls short of establishing the "exigent circumstances" exception to this basic rule. At the time of the police entry into the home no criminal activity was then in progress. *See State v. Brandon*, 606 S.W.2d 784 (Mo.App.1980). There existed no "need for help" which might justify an emergency entry into the residence. *See State v. Butler*, 676 S.W.2d 809, 811 (Mo. banc 1984). The police had no reason to fear appellant would escape if not swiftly apprehended. The information that he was "passed out" was corroborated by the absence of any response to their knocking at the door; three officers were at the house and more were available by radio, if needed. *See State v. Varvil*, 686 S.W.2d 507, 512 (Mo.App.1985). Moreover, information that appellant kept a .22 caliber rifle on the premise did not justify the invasion of appellant's home where other equally reliable information indicated appellant was at the time of the entry in no condition to use the rifle and where the rifle played no part in the alleged assault. The warrantless entry and search were therefore illegal and the admission into evidence of the fruits thereof was error.

This conclusion, however, does not end our inquiry. "An error in the admission of evidence, ... does not necessarily call for a reversal of a conviction. Only prejudicial error is reversible error. *State v. Gibson*, 502 S.W.2d 310, 314[2] (Mo.1973). A defendant claiming error in the reception of evidence has the burden of showing both error and prejudice." *State v. Vernor*, 522 S.W.2d 312, 315 (Mo.App.1975). Appellant has failed to carry this burden. His only argument is that the introduction of the knife, the rifle and his statement into evidence corroborates the daughter's testimony. He overlooks the fact that the chal-

lenged evidence equally corroborates his own testimony.

■ The knife was as much an integral part of appellant's version of the incident as it was the daughter's. Moreover, exclusion of the knife from evidence would not have been warranted despite the illegal search in view of the inevitable discovery doctrine enunciated in *Nix v. Williams,* 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984) and approved in this state in such cases as State v. Butler, 676 S.W.2d 809 (Mo. banc 1984). The admission in evidence of the rifle, which played no part in the incident, was innocuous. Finally, appellant's exculpatory post-arrest statement was virtually identical with his in-court testimony. If the context of defendant's testimony at trial does not vary materially from the out-of-court statement he seeks to suppress, any error in admitting the out-of-court statement is cured by defendant's in-court confirmation of the statement's truth. *State v. Ryder,* 598 S.W.2d 526, 527 (Mo.App.1980). Thus, appellant can have suffered no prejudice from the statement's erroneous admission.

The determinative factor in this case was credibility. The evidence complained of tended to support the credibility of appellant's testimony as much as it supported that of the daughter. We are unable to discern any semblance of prejudice to appellant resulting from its admission.

The judgment is affirmed.

SMITH and SNYDER, JJ., concur.