tended opinion would serve no precedential value. Rule 84.16(b).

---

Harry TETTAMBLE, Appellant,

v.

STATE of Missouri, Respondent.

No. 55885.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 21, 1989.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
Dec. 21, 1989.

Application to Transfer Denied
Feb. 13, 1990.

Alice Ann O'Keefe, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Debra M. Miles, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

Movant Harry Tettamble was convicted of forcible rape, sodomy, and armed criminal action. On January 10, 1985, movant was sentenced as a persistent offender to terms of ten, ten and three years on the respective charges, the terms running consecutively for a total of 23 years. This court upheld his conviction on direct appeal. *State v. Tettamble*, 720 S.W.2d 741 (Mo.App.1986).

On March 3, 1988, movant filed his pro se Rule 29.15 motion alleging that the trial court was without jurisdiction to try, convict, or sentence him on the Class A felonies of rape and sodomy as he was not charged with Class A felonies in the indictment. Movant also alleged that his conviction for armed criminal action subjected him to double jeopardy, violating his right to due process. On November 2, 1988, the motion court denied movant's 29.15 motion without a hearing. Movant appeals that order.

Movant's allegation that he was convicted of charges which were not included in his indictment is without merit. The indictments read that movant committed the felonies of forcible rape and sodomy by having sexual intercourse and deviate sexual intercourse with the victim to whom movant was not married, without her consent, and by the use of forcible compulsion. Neither of these acts is a Class A felony as defined by § 566.030 (rape) or § 566.060 (sodomy).

Rape and sodomy are Class A felonies when in the course of committing the act the actor inflicts serious physical injury on any person, displays a deadly weapon or dangerous instrument in a threatening manner or subjects the victim to sexual intercourse or deviate sexual intercourse with more than one person. §§ 566.030, 566.060. Instructions 6 and 7 did not contain any of the language which would be required to classify the charges as Class A felonies. The sentences imposed by the court were within the range authorized under the statutes for forcible rape and forcible sodomy. Therefore, movant's claim that he was tried, convicted, and sentenced on charges which were not charged in his indictment is without merit.

In his motion, movant claims a double jeopardy violation in that his use of a knife in the commission of the offenses was used both as an enhancement of the rape and sodomy charges to Class A offenses and as the basis for the armed criminal action charge. Since, as set forth above, he was neither charged nor convicted of Class A rape or Class A sodomy this contention is patently meritless.

Moreover, his argument on appeal that the motion court failed to make findings of fact and conclusions of law on this point is equally without merit. The issue is a matter of law, not fact, and the court correctly concluded that movant was not subjected to multiple punishments for the same act and that the armed criminal action statute, § 571.015 RSMo.1986, is not unconstitutional. No further findings or conclusions were required. *Jackson v. State*, 729 S.W.2d 253, 256 (Mo.App.1987).

The judgment is affirmed.

SMITH, P.J., and SATZ, J., concur.